# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | | |
|---|---|---|
| SHANETTE GRISBY, ex rel. L.G., | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 cv 2017 EJM |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action on behalf of the minor child L.G. seeking judicial review of the Commissioner's denial of her application for supplemental security income benefits.   Briefing concluded October 7, 2014.   The court has jurisdiction pursuant to 42 USC §405(g).   Affirmed.

Plaintiff claims the Administrative Law Judge's (ALJ) ruling failed to find marked limitations in three domains.   She also claims that the ALJ failed to properly evaluate her subjective allegations.   Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision.   This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision.   [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so

that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

A child is disabled if his or her impairments meet, medically equal, or functionally equal a listing. 20 C.F.R. §416.924(a), (d). To meet a listing, a claimant's impairments must satisfy each of the criteria set forth for the applicable listing. Id. §§ 416.924(e), 416.925(c)(3). A child claimant's impairment medically equals a listing if the individual's impairment or combination of impairments are equally as severe as a listed impairment even if they do not align precisely with the criteria set forth in any specific listing. Id. §§16.924(e), 416.926.

A child's impairments may functionally equal a listing if the child suffers "marked" limitations in two domains of functioning or "extreme" limitations in one domain of functioning. Id. §§ 416.924(d), 416.926a. These domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulation objections; (5) caring for oneself; and (6) health and physical well-being. Id. §416.926a(b)(1)(i)-(vi). A diagnosis alone of a condition encompassed by a listing is insufficient to establish satisfaction of the criteria of the relevant listing. See Id. §416.925(d). The claimant bears the burden of showing that her impairment satisfies the specific criteria set forth by the listing. See Id. §416.912(a). To prevail on appeal, a claimant must demonstrate that the evidence compelled the ALJ to find limitations,

2

sufficiently severe to functionally equal a listing. England v. Astrue, 490 F.3d at 1020-21.

Here, the ALJ found less than marked limitations in all six childhood domains (Tr. 23-28). Plaintiff takes issue with the ALJ's findings in the three domains of (1.) attending and completing tasks; (2.) interacting and relating with others; and (3.) moving about and manipulating objects.

1.    Attending and Completing Tasks

Plaintiff first claims the child's diagnosis of ADHD is *per se* marked limitation in the domain of attending and completing tasks. This is not the law. 20 C.F.R. §§416.925(d), 416.926a. Next plaintiff assets that claimant's teacher, Donna Lucas, indicated that claimant had serious problems refocusing on tasks and working without distracting others and other obvious problems (Tr. 184). State agency experts Melodee Woodard, M.D., and Scott Shafer, Ph.D., acknowledged Ms. Lucas's reports and their content but nevertheless opined that such limitations constituted "less than marked" limitations (Tr. 253). See Smith v. Colvin, 756 F.3d 621, 626-27 (8th Cir. 2014) (holding that ALJ could rely upon state-agency expert opinions in case with contrary non-physician treating-source opinion). See 20 C.F.R. §416.927(e). The ALJ assigned "great weight" to Dr. Woodard's and Dr. Shafer's opinions (Tr. 21). Sufficient evidence supports the ALJ's decision here.

3

2.  Interacting and Relating with Others

Plaintiff next argues the ALJ should have found a marked limitation in terms of claimant's ability to interact and relate with others.  The previous arguments upholding the Commissioner's decision in attending and completing tasks applies to this argument as well, since plaintiff's argument relies on the same teacher's assertions, and the ALJ's decision relies on the same two state agency experts.

3.  Moving About and Manipulating Objects

Plaintiff next argues that the ALJ should have marked limitations in the domain of moving about and manipulating objects.  Plaintiff first points to claimant's obesity, the severity of which she contends necessarily leads to a conclusion that she had marked limitations in the domain.  Plaintiff's argument is again contradicted by Dr. Woodard's and Dr. Shafer's expert opinions (Tr. 254).  Dr. Woodard and Dr. Shafer explicitly acknowledged claimant's "significant obesity, " but pointed out that she could still "walk about independently" without the need for an assistive device and proceeded to thoroughly review the evidence of record (Tr. 254).  The ALJ permissibly relied on the state agency physicians' opinions (Tr. 21).

Claimant's own provider, Deborah Lin-Dyken, M.D., noted that while claimant could walk, she "would rather just stay home and watch TV" (Tr. 244-245).  Further undermining plaintiff's claims, a different provider attributed claimant's obesity to "constantly eating/drinking more calories than she needs" (Tr.

4

249; see also Tr. 244). Indeed, plaintiff herself apparently lobbied claimant's physician for an appetite suppressant because claimant was "always eating" even in the middle of the night. (Tr. 229). Substantial evidence, particularly in the form of Dr. Woodard's and Dr. Shafter's medical opinions, supports the ALJ finding that claimant's limitations were less than marked.

Finally, plaintiff urges that the ALJ failed to properly evaluate her subjective allegations. It is the court's view that in discounting the credibility thereof, the ALJ's evaluation was proper, and the ALJ permissibly relied upon consideration of plaintiff's inconsistencies with the objective medical evidence, lack of objective medical evidence, and lack of success in losing weight. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

October 27, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

5